Matter of 609 Realty LLC v New York State Div. of Hous. & Community Renewal (2024 NY Slip Op 05179)

Matter of 609 Realty LLC v New York State Div. of Hous. & Community Renewal

2024 NY Slip Op 05179

Decided on October 22, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 22, 2024

Before: Webber, J.P., Friedman, Mendez, Shulman, O'Neill Levy, JJ. 

Index No. 151598/23 Appeal No. 2871 Case No. 2023-05605 

[*1]In the Matter of 609 Realty LLC et al., Petitioners-Appellants,
v
New York State Division of Housing and Community Renewal, Respondent-Respondent.

Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (David B. Cabrera of counsel), for appellants.
Letitia James, Attorney General, New York (Kwame N. Akosah of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (Lynn R. Kotler, J.), entered October 3, 2023, denying the petition to annul the December 20, 2022 determination of respondent agency (DHCR), which denied petitioners' application for a rent increase based on major capital improvements (MCIs), and dismissing this proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioners' application was denied on the basis that less than 35% of the apartments in their building were rent regulated (Administrative Code of City of NY §§ 26-204.1[a][6], 26-511.1[a][6]). DHCR "rationally concluded that the amendments from HSTPA part K should be applied when considering petitioner[s'] MCI application," as "there had been no determination issued" as of the effective date (Matter of 4040 BA LLC v New York State Div. of Hous. & Community Renewal, 221 AD3d 440, 440 [1st Dept 2023], lv denied 41 NY3d 907 [2024]; see Matter of 101 E. 16th St. Realty LLC v New York State Div. of Hous. & Community Renewal, 226 AD3d 494, 495 [1st Dept 2024]). Indeed, as this Court has previously held, "Part K's amendments were effective immediately and applied to any determination issued after the act's effective date" (Matter of 4040 BA LLC, 221 AD3d at 440; see also L 2019 ch 36, part K, §§ 5, 6, 11, 18[c]; L 2019 ch 39, part Q, § 29).
We also find no violation of due process, since applying part K "affected only the propriety of petitioners' prospective rent increases and had no potentially problematic retroactive effect" (Matter of 101 E. 16th St. Realty LLC, 226 AD3d at 495; see also Matter of Aaron Manor Rehabilitation & Nursing Ctr., LLC v Zucker, 42 NY3d 46, 55-57 [2024]). Contrary to petitioners' contention, there is no legally significant difference between their case and those where MCI applications were partially granted. Instead, as with those other cases, "[w]hen the HSTPA was enacted, petitioner[s] had no vested right in a future MCI rent increase, or in the more beneficial pre-HSTPA law or regulations" (Matter of 4040 BA LLC, 221 AD3d at 441). Nor does the statute in question lack a rational basis for its implementation.
We find no basis to remand to DHCR "for a review of petitioners' unpreserved claim that application of the part K amendments might result in prejudice or undue hardship" (Matter of 101 E. 16th St. Realty LLC, 226 AD3d at 495; see also Matter of Almanzar v City of N.Y. City Civ. Serv. Commn., 166 AD3d 522, 524 [1st Dept 2018]; 9 NYCRR 2527.7, 2529.10).
We have considered petitioners' remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 22, 2024